The next matter before us is 22-4118 Farm Bureau Property & Casualty Insurance Company v. Cleaver. May it please the court. Joshua Osler on behalf of the appellants, the Cleavers in this case. I'll start with what might be a question that is on everyone's minds. Why should the Cleavers be afforded coverage for an ATV incident on a public road when you have so many other cases where that has not been the case? And the reason is because the specific language of Farm Bureau's policy allows for it and can be read that broadly. In Utah, the case law is clear that an insured is entitled to the broadest coverage they could reasonably understand from the policy. And so that's why we've emphasized that it's important to look at the precise policy language and not the language. This court is no doubt aware with the structure of insurance contracts, usually you have a general coverage, and in this case the policy covers bodily injury among other things. Then there's going to be a whole list of exclusions. And in this case, it excludes a recreational motor vehicle while not on an insured location. And so by, I guess, the reverse inference is that a recreational motor vehicle while on an insured location is an exception to the exclusion. And this policy, the reason that it's different than all the other policies in the cases cited to the court, is because it carves out a separate definition for recreational motor vehicle. And it defines it with, in this instance we have an ATV, but it defines that to include also motorcycles, mopeds, motor scooters, and these vehicles that are designed for use on public roads. And in cases going back to the Hudnall case out of Arizona, and even the district court in this case, they pointed out that... Let me stop you for a minute because I'm a little confused how you jump from the definition of insured location, which I assume you're relying on the any premises used by you in connection with... And then the premises shown there. Where does that take you to recreational vehicle? Is recreational vehicle in the definition of insured location? No, it's not. So why do we jump from there to recreational vehicle logically? I suppose the reason that I talk about this is because that's what the courts have done. And the reason I think they've done that is because the insured location is defined as any premises used in connection with the property. This policy does not define premises. This policy does not define used in connection with. And so other courts have been faced with this same situation. And what they've done is they then go to the exclusion where it says a motor vehicle does not include a vehicle that is designed for recreational use off public roads. And so then what they say is that language off public roads, that's the signal to the insured that this public road was not an insured location, that it doesn't qualify as in any premises. But we, I mean, I... A term like premises that's not defined by the insurance contract. How would Utah tell us to interpret that? I think the way that Utah, I mean, they would obviously say consult the dictionary. They would say to look at the context. They would say to obviously try and read the policy as a whole. And courts, other courts have engaged in this same exercise. They've cited to the Dryman case, which I believe says that premises is not ambiguous. We've cited to the Eisenbar case out of the Supreme Court of Michigan that says that it cites the Black's Law Dictionary and another dictionary to say that it is a flexible and an elastic term, that it can have multiple meanings and that it can be ambiguous. Those are some general statements, but my concern with saying premises of insured property, and this was a property policy, right? Insuring property. Homeowner's insurance policy. Homeowner's policy. Yes. My concern is, is it even rational or reasonable to assume that that would include the public roads that run next to that property? And how far on that public road would it cover? I mean, if it was an interstate highway that ran past somebody's house, would that include that highway coast to coast? If I were an insured person, I would say, I can't imagine that an insurance company on a homeowner's policy would cover a road, and if they intended to, they would certainly put some strict limits on it, like within 50 feet of the residence or only when it abuts the residence or something. They certainly wouldn't assume that they're giving me a road policy, a motor vehicle policy, anywhere coast to coast. It just doesn't seem to make any sense at all. And that's where we've tried to point out that those are not real concerns in this case, because the homeowner's policy itself, if they wanted to confine it to the square footage of the house, they could have spelled that out. If they wanted to confine it to the front, the fence, or the property line, they could have spelled that out, but they have all these different definitions of an insured premises or insured location, and it includes even any premises used in connection with the home. So it contemplates already that you're going to go outside of the fence line, you're going to go outside of the property line, that there's going to be these other places that can qualify as insured locations. If they're premises. If they qualify as a premises. And that's where we've pointed to the Eisenbar case, the dictionary definitions, that it can be any definite area, basically. The Utah Supreme Court has told us in interpreting contracts, we are supposed to look at the purpose of the policy. So the point that Judge Ebell made about, hey, this isn't an auto insurance policy, this is a homeowner's policy, that is a legitimate concern for us to have, or at least a context for us to have when looking at this, isn't it? It is. And what I'm trying to say in response to Judge Ebell's question is, this isn't a case of we're trying to get coverage while we're going to the grocery store or to work or on the interstate highway or anything like that. This, and what we've pointed out, I mean, this is in a rural, at the time of this incident, undeveloped area. This was a dirt road. But they were using the ATV for a recreational purpose. And so where the policy talks about recreational motor vehicles, and it contemplates that recreational motor vehicles can be covered, then if you're using that vehicle for a recreational purpose, which they often did, then we believe that it should be covered. And so you're not going to be able to go to the grocery store and say, I was going there for recreation. You're not going to be able to go to work and say, I was going there for recreation. But even recreational use, as I understand the policy, would only be covered if it occurs in an insured location. Yes. And an insured location has to be a premises. Yes. And so what we are saying, and I think what other courts have said, including the district court in this case, is that they are not reading, they're not reading the policy, they're not making up a rule to say that public roads are excluded in every instance. They're just saying, looking at the policy language in this particular case, we can't say that it reaches a public road. The reason that our case is different is because you don't define recreational motor vehicle solely as vehicles that are designed for recreational use off public roads. You have at least three different vehicles in that series, in that group of vehicles that are motorcycles, mopeds, motor scooters. These are designed for use on public roads. And so, as we pointed out in the briefing, what happens to the motorcycle driver who says, I was maybe doing something recreational. This qualifies as a recreational motor vehicle. I was on an insured location. And then you have the insurance company saying, no, it's a motor vehicle. It's subject to registration. It's not included. And so the point is that the insurance company, these are contracts of adhesion. These are on a take-it-or-leave-it basis. If they have policy concerns about public roads, they can put it in the policy. What about the case law that your opponent cites that says that the cases that talk about premises talk about locations which either have dwellings on them or other permanent structures? And indeed, apparently there's no case law that applies premises to a public road. How do we deal with that? I mean, when we're interpreting the meaning or ambiguity of a language that's been covered in other situations, the word premises. Well, and that's where we've countered their case law with the Drumheller case from the Third Circuit, which points out that any means any. You don't have to have a legal interest. But any means any is way too general to give me much guidance because it means any except when it doesn't, I guess. Well, and it's up to the insurance company to tell us when it doesn't. They haven't done that in this case. The other case, other than Drumheller, we have... If I say I'm insuring you for any injury that occurs in any dwelling that is brown and is built on my premises and is within 50 feet of this location, the word any isn't at all ambiguous. You have to look at the whole phraseology. Well, and that, again, I mean, it's not incumbent on an insured to get an insurance policy and to think, you know, go do their research on the insurance industry. So how far does this highway get insured? I mean, could they have been taking the ATV to the grocery store to get some groceries? How far, what way do we have to decide how far that highway gets to be insured? To and from the recreational area in this case, the gravel pit. And that's what happened in cases like Drumheller, Pravat, Angerson. You had people that were leaving their homes, they were going on trails or wooded paths or going into fields nearby, and then they would always return back to their home. So if we had a cousin with a cool off-trail bunch of hills that's 20 miles away on the road, would the road be covered for that 20 miles? I can't say, you know, that's not this case. I know that there is a case, I think we cited in the summary judgment briefing, which I don't have the name or site off the top of my head. But they did insure a warehouse or some kind of a facility that was rented 20 miles away because they were using it for a birthday party, which was something that they would do at the Again, what they did, though, was they looked at the specific policy language. And the specific policy language in this case is just any premises used in connection with... Was that birthday party case a residential insurance policy as opposed to some other kind of policy? I believe it was a residential insurance policy, yes. And I apologize, I don't have that before me. In Drumheller, the language of the policy they were focused on wasn't premises at all, was it? It was on used in connection with. That's what the whole case is about, right? Well, yes. But I think preceding used in connection with is any premises used in connection with. But it's not discussed in the case. And so, for example, Drumheller, the premises, I believe, was a field. You know, why should a field qualify as a premises but not a road? And that's where I go back to Judge Ebel's question.  The Court of Appeals in that case said that a premises has to have structures or buildings on it. And it said, no, that's not the case. And it reversed that decision or remanded it to the Court of Appeals because it is an elastic term. And so if the insurance company is going to use elastic terms or terms that can be ambiguous or terms that might have several meanings, it's the insurance company's job to spell out. It's not that hard to say in this policy that this does not, this does not cover injuries or damages or incidents that occur on public roads. But they didn't say that. Instead, they defined recreational motor vehicle to include vehicles that are often used and designed for use on public roads. And so the signal that was sent in Hudnall and Jones and Shometi in those cases to the insured, and I see that my time was up. If I can just finish this thought quickly. The signal that was sent in those cases that you're not going to be covered for an injury on a public road because we don't allow, well, that signal was not sent in this case. And so all we're asking the court to do, look at the precise policy language. Don't necessarily rely on the results of other cases, especially where our policy differs in material respects from those policies. Thank you. Thank you. Thank you and good morning. My name is Joseph Minock. I'm here on behalf of the Farm Bureau Property and Casualty Insurance Company. We would submit to the court that the trial court in this case properly analyzed this case in accordance with Utah law. Now, you've all touched on the various concepts that go into that. It really is a process of two things, is to determine the meaning of the policy and the purpose of the policy. Now... Would have been easy if the insurer had defined premises. Well, I think that as you see from the case law, it is a unambiguous term. People are interpreting it to be ambiguity where there is none. If you look at the definitions, both the way it's used in the policy and the way it's used in a dictionary, which is land which has structures on it, then it becomes a very simple question. The problem in some of the case law is, is that people want to interpret the term premises more broadly in order to essentially move their point of injuries to include something that's a premise. You look like you're about to ask something. Well, I mean, you know, what the case law does, what, you know, I mean, we're talking about an unsophisticated purchaser of a homeowner's policy. We are, although this is one point that I did want to, and where I differ with my colleague. The Utah Supreme Court, back in the 1990s, disavowed what is called the reasonable expectations doctrine. The reasonable expectation doctrine held that you, as a policyholder, were entitled to the broadest coverage that you thought you could expect from a policy of this nature, even if the terms were inconsistent with that. I know that they rejected that because I wrote a law school note that the Supreme Court specifically rejected in their Allen decision. What the court said is you have to look at the policy language and the purpose. And here is also where I just depart from my colleague. The Supreme Court made clear that exclusions and all language in the insurance policy are interpreted according to their plain language. There is no view where the insured is entitled to some kind of a presumption of coverage. You apply the language the way it is. Now, going to the point that you raised, the issue that we have here when you talk about is there an expectation of coverage? Here we have a recreational vehicle, not street legal. Being driven by a 10-year-old on a public road. I would submit that no reasonable person would assume that they have coverage for that. What if instead of being towed, the recreational vehicle was driving down that road, going between an established recreational area and the house? Well, that's where you get into this issue of is it a premises, meaning either the road or the gravel pit. And here's the reason I say that. Because you have two components to this provision in connection with and premises. And the issue that you have here is this gravel pit has no relationship whatsoever other than the residents, I mean to the residents itself, other than the fact that they want to drive there and recreate. Now, the problem that I have, and I know what the argument that's made by the Cleavers is, well, we often use that. So therefore, we've transformed it into a premises that should be insured. The problem, and this goes throughout the entire argument, is where does that extend? Okay, is all of the roadway between here and the gravel pit then become an insured premises? If they decide to take it out to the desert, does Interstate 15, does the freeway become a premises? Well, let me ask you this. The policy does define some types of premises. It does. A farm ranch premises and the residence premises. If they were leaving the farm, the residence premises and traveling on the same road to go to farm ranch premises, would an accident on that road be covered? That actually is an interesting case. It is an interesting case. Well, and I will say this, that as I was doing my research for this argument, I did find a case in Kansas where they held that a portion of a public road could be considered a premises. The reason being was that there was a farm, and the farm had property on one side of the road and on the other side of the road, and the public road went straight down the middle, and the only way you could go from one part of the farm to the other part of the farm was to cross this public road. The court said that public road is going to be insured because its use is in relationship to the insured properties, to the insured premises, to the farm ranch property, to the residence property. That's what's missing in this case, is there is no relationship between this gravel pit and the residence other than that they want to recreate there, as opposed to somewhere else. And to say that any public road between the home and where they choose to take the ATB and recreate should be an insured premises. How would you suggest we write the meaning of the word premise? I mean, this opinion probably ought to have given interpretation of the word premise. What sentence would you suggest be used to interpret the word premise in this policy? A premises is a land which contains buildings or structures, just like it says in the Merriam-Webster Dictionary. But what about the people that own undeveloped land? They may develop it someday, but until they develop it, they just camp on it in the summer. Well, that's... And a removable tent, is that a premises? Uh, that I think could be premises. Okay, so your definition is inadequate, so try a different one then. And it's also inconsistent with the policy's definition of farm-ranch premises, because it doesn't have to have a structure. It can have a structure, but it can also just be a field you use for agricultural purposes. Exactly, it can be vacant land. And I would agree that any property that is tied to the residence, for instance, if you have a residence over here, the premises are all of that property upon which the insured has that interest, okay? The problem that I have is trying to extend that out onto a public road and claiming you have some kind of an interest in the public road. So you're defaulting. You're not giving us the definition of premises. You're relying instead on the other argument, which is I can't give you a definition of what is a premise, but I can give you a definition of what is not a premise. Is that what you're doing? Well, no, I would submit to you that the definition of premises is exactly what's set forth in Merriam-Webster. Now, as you've indicated, that may be inconsistent, but you can specifically define terms differently than their normal meaning, which is to the extent they did that. But what I'm saying is that you use the term premises the way in its normal and ordinary meaning. But the problem with the structure is, I mean, I'm sure there are many, many people that own land, particularly in the West, where they intend to develop it someday. In the meantime, they take their family and camp tent out there from time to time, and they want to have insurance because that's their policy, their property. They don't want people to get injured on it and not to have insurance. So they insure it, but there's absolutely no permanent dwelling, although they sometimes sleep there. Is that a premises or not? Well, the way you do that is you go to your agent and say, I have this premises over here that I need to insure. What you can't do is to simply say, well, insurance company, I own this property. I have a house. I have a ranch. It's all connected. We do all of this here. And not say, well, guess what? I also have a property 75 miles from here, and claim that that's an insured location. That bears no relationship to the property that's being insured. And that's the point that's here. That's the important point is. How is the property insured defined in this contract? How is what? How is the property insured? How is that phrase defined in this contract? This contract, it will insure, well, it will define it by the owners of the property. Okay, so it will, in this case, it will be Mr. and Mrs. No, not who drafted it. What's the language about how the property was insured, defined? Right. Oh, you mean what was the insurance agreement, or who was an insurer? No, the former. What was the language about, about this is the property we insured, apart from this exclusionary language that we're, this subject of this lawsuit. Talk about the granting language, not the exclusionary language. It's by the address, isn't it? Well, it is. What it does is it has several different components. Okay, it has the resident's address. Okay, so it will say where is insured is the resident's address, anything that you purchase within a certain, and then report to the agent within a certain period of time, and then any premises you use in relationship to the insured, to the one and two, which is the residence. In relationship to, or in connection with? In connection with. So three is, there's three. Number one is the residence. Number two doesn't apply here. It's basically newly owned property. And number three would be anything in connection with one and two. Okay, and so the question here, any premises in connection with one or two. And that's the problem that we have here, is the extension to try to claim that the gravel pit and the roadway become premises in connection with that. Because once you define that as premises, there is no stopping point. It essentially continues to go until the ATV stops going. As it rolls down the road, it just establishes new insured property. And that is the problem. That's problem one. Problem two is what we started off with, with your discussion with my colleague, is all insurance policies are written so that they are compartmentalized. If you want to use something on a road, you need to have road insurance. If you want something to be in connection with your home, you buy a homeowner's policy. If you want something to be in connection with your business, you use a business policy.  And Farm Bureau is willing to cover recreational vehicles being used on the premises, but not on the roadway and not away from the premises. If you want to do that, there's insurance available for that. And that's what's missing here. All right, if there are no other questions, I'm happy to submit it. I have a few minutes left, but I'm happy to submit it on that basis. Any questions? Thank you. Thank you. And I think you are out of time. Thank you for your argument today. We will take this under advisement.